UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEROME MOJECA DUNKLE,<br><br>Plaintiff,<br><br>v.<br><br>KITSAP COUNTY SHERRIFFS OFFICE JAIL, DEPUTY SHERRIFF RASH,<br><br>Defendant. | CASE NO. C14-5642 RBL-KLS<br><br>ORDER TO FILE AN AMENDED COMPLAINT |

Mr. Dunkle's complaint is before the Court for screening review pursuant to 28 U.S.C. 1915A. Dkt. 9. The complaint has several defects and Mr. Dunkle will need to file an amended complaint. Mr. Dunkle alleges that while he was in the Kitsap County Jail he was repeatedly "tazed" by several sheriff deputies and Mr. Dunkle alleges that he suffers from physical and mental injuries as a result of being "tazed." Dkt. 9.

Naming the Kitsap County Sheriff's Office and jail as defendants is the first defect. Neither a sheriff's department nor a jail can be sued in a civil rights action. The Civil Rights Act, 42 U.S.C. § 1983, allows for suit against a person acting under the color of state law who deprives someone of rights, privileges or immunities secured by the constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535, (1981) (overruled in part on other grounds); *Daniels v. Williams*, 474 U.S. 327, 330-31, (1986).

The Civil Rights Act, 42 U.S.C. § 1983 applies to actions of "persons" acting under color of state law. The language of §1983 is expansive, and it does not expressly incorporate common law immunities. *Owen v. City of Independence, Mo*, 445 U.S. 622, 627 (1980). Municipalities are subject to suit under § 1983. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). However, "[i]n order to bring an appropriate action challenging the actions, policies or customs of a local governmental unit, a plaintiff must name the county or city itself as a party to the action, and not the particular municipal department or facility where the alleged violation occurred. *See Nolan v. Snohomish County*, 59 Wash. App. 876, 883, 802 P.2d 792, 796 (1990)." *Bradford v. City of Seattle,* 557 F. Supp.2d 1189, 1207 (W.D. Wash. 2008)(holding that the Seattle Police Department is not a legal entity capable of being sued under 42 U.S.C. § 1983).

Thus, if Mr. Dunkle believes that his injuries are the result of Kitsap County policy or custom then the proper defendant would be Kitsap County. In order to set forth a claim against a municipality under § 1983, a plaintiff must show that defendant's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, plaintiff's civil rights; or that the entity ratified the unlawful conduct. *See Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991).

To establish municipal liability under § 1983, a plaintiff must show (1) deprivation of a constitutional right; (2) that the municipality has a policy; (3) the policy amounts to deliberate indifference to plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). The Supreme Court has emphasized that the unconstitutional acts of a government agent cannot, standing alone, lead to municipal liability; there is no *respondeat superior* liability under § 1983. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 692 (1978). A municipality

may only be liable if its policies are the "'moving force [behind] the constitutional violation.'" *City of Canton v. Harris*, 489 U.S. 378, 389 (1989), (*quoting Monell* at 694).

     A municipality will not be liable for acts of negligence by employees of the jail or for an unconstitutional act by a non policy-making employee. *Davis v. City of Ellensburg*, 869 F.2d 1230, 1234-35 (9th Cir. 1989). Evidence of mistakes by adequately trained personnel or the occurrence of a single incident of unconstitutional action by a non-policy-making employee is not sufficient to show the existence of an unconstitutional custom or policy. *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989). If on the other hand Mr. Dunkle does not believe that custom or policy is at issue then he would need to name the individual deputies whom he alleges "tazed" him.

     The second defect in Mr. Dunkle's complaint is the relief requested. Dkt. 9. Mr. Dunkle asks that criminal charges be dropped or sentences reduced. Dkt. 9, p. 3. If a plaintiff is challenging the very fact or duration of physical imprisonment, and the relief sought will determine whether plaintiff is or was entitled to immediate release or a speedier release from that imprisonment, plaintiff's sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

     The United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The Court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

1  *Id*. at 489.  "[T]he determination whether a challenge is properly brought under § 1983 must be

2  made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily

3  to imply the invalidity of the judgment.'  *Id*.  If the court concludes that the challenge would

4  necessarily imply the invalidity of the judgment or continuing confinement, then the challenge

5  must be brought as a petition for a writ of habeas corpus, not under § 1983."  *Butterfield v. Bail*,

6  120 F.3d 1023, 1024 (9th Cir. 1997) (*quoting Edwards v. Balisok*, 520 U.S. 641 (1997)).  Mr.

7  Dunkle may not seek to have charges dismissed or sentences shortened in a civil rights action.

8       The third defect in the complaint is the statement of the claim.  Dkt. 9, pp 6-17.  Mr.

9  Dunkle states that after his arrest, while in the county jail, several deputies "tazed" him, but he

10 does not name the deputies involved.  Further, Mr. Dunkle does not state when this incident

11 occurred.  A complaint needs to contain a short plain statement of facts explaining who did

12 something to plaintiff, when the actions occurred, and what constitutional right was violated by

13 that defendant's action.  The defendant must be a person acting under color of state law,  and his

14 conduct must have deprived the plaintiff of rights, privileges or immunities secured by the

15 Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled*

16 *in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986).  Implicit in the

17 conduct element is a third element of causation.  *See Mt. Healthy City School Dist. v. Doyle*, 429

18 U.S. 274, 286-87, (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390-91 (9th Cir. 1980), *cert. denied*,

19 449 U.S. 975 (1980).  When a plaintiff fails to allege or establish one of the elements, his

20 complaint must be dismissed.

21       Accordingly the undersigned orders:

22   1.   The Clerk's Office send Mr. Dunkle a new prisoner civil rights form.

23   2.   Mr. Dunkle fill out the form and call the complaint his "First Amended Complaint."

24

ORDER TO FILE AN AMENDED COMPLAINT - 4

1    3.    This complaint will act as a complete substitute for the original and not as a supplement.

4.    Mr. Dunkle has until November 14, 2014, to file his amended complaint. If Mr. Dunkle does not file an amended complaint the undersigned will recommend dismissal of this action for failure to prosecute.

5.    Failure to file an amended complaint that cures the defects in the original may result in the undersigned filing a Report and Recommendation that this action be dismissed for failure to comply with a court order.

**DATED** this 20th day of October, 2014.

*[signature]*

Karen L. Strombom
United States Magistrate Judge

ORDER TO FILE AN AMENDED COMPLAINT - 5