UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEROME MOJECA DUNKLE,<br><br>                    Plaintiff,<br><br>  v.<br><br>KITSAP COUNTY SHERIFF'S OFFICE JAIL, OFFICERS GUARDS,<br><br>                    Defendants. | No. C14-5642 RBL-KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted For: December 5, 2014** |

*Pro se* Plaintiff Jerome Mojeca Dunkle, proceeding *in forma pauperis,* brings this 42 U.S.C. § 1983 civil rights action alleging that his civil rights were violated when he was "tazed" by deputy sheriff's at the Kitsap County Jail. Dkt. 9. The undersigned noted several deficiencies in the original complaint and declined to serve it. Plaintiff attempted to sue the Kitsap County Sheriff's Office and the Kitsap County Jail, neither of which is a person for purposes of the Civil Rights Act. Further, plaintiff had not identified the individual officers allegedly involved in the "tazing" incident. Dkt. 9.

The undersigned ordered Plaintiff to file an amended complaint curing these defects. Dkt. 10. Mr. Dunkle filed an amended complaint that contains the same defects as the original. Dkt. 15. In the caption of the amended complaint Mr. Dunkle states "Kitsap County Sheriffs [sic] Office Jail officers Guards the Tazer assult [sic] hospitalized me." Dkt. 15. Plaintiff fails to

REPORT AND RECOMMENDATION - 1

name any defendant by name and, as the previous Court order noted, neither the Kitsap County Sheriff's Office nor the Kitsap County jail are persons for the purpose of the Civil Rights Act.

In addition the undersigned has repeatedly ordered Mr. Dunkle not to include his date of birth or social security number in documents that he files. Dkt. 5, 14. Mr. Dunkle has included this personal information in nearly every filing despite orders instructing him not to do so. Accordingly the undersigned recommends dismissal of this action with prejudice prior to service for failure to comply with Court orders.

## PLAINTIFF'S ALLEGATIONS

Plaintiff claims that he was in the Kitsap County Jail prior to his being moved to prison. Plaintiff is currently housed at the Special Offender Unit of the Monroe Reformatory. Dkt. 9, p. 2. Plaintiff stated that while in the jail he was involved in an incident with the county jail staff where he was "tazed." Dkt. 15. He seeks to sue these individual officers, along with the County Sheriff's Office or Jail, but he does not name any individual defendant and instead in the body of the complaint he lists the "officers guards working the day of incedent [sic]." Dkt. 15, p. 3. Plaintiff does not give the Court any specific date when this incident allegedly occurred, but he does state that his vision has been blurry ever since this incident "seven to ten years" ago. Dkt. 15, page 4.

## DISCUSSION

Fed. R. Civ. P. 41(b) provides for dismissal of an action for failure to comply with a court order. The undersigned ordered Mr. Dunkle to cure defects in his complaint, name individual persons, and stop placing private information about him in his court filings. Dkt. 5, 10, and 14. Mr. Dunkle has failed to comply with these Court orders. The undersigned sent Mr. Dunkle an order to amend the complaint that spelled out the defects in the original and told plaintiff what he

REPORT AND RECOMMENDATION - 2

needed to do to correct the defects in his original complaint. Dkt. 10. Further, because of concern about private information being in the file the Court twice instructed Mr. Dunkle to stop including personal information in his filings. Dkt. 5 and 14. Plaintiff has ignored these court orders and, three months after the action was originally filed, the plaintiff has still not filed a complaint that can be serve on any named defendant.

After Mr. Dunkle filed his amended complaint (Dkt. 15) he filed three motions: a motion to amend his complaint, a motion for additional time, and a motion for appointment of counsel. Dkt. 19, 20, and 21. The undersigned has already given Mr. Dunkle an opportunity to file an amended complaint and Mr. Dunkle was given guidance explaining the defects in the original complaint. Dkt. 10. Further, Mr. Dunkle did not provide a copy of a proposed amended complaint along with his motion as required by Local Civil Rule 15. The Local Rule states:

> A party who moves for leave to amend a pleading, or who seeks to amend a pleading by stipulation and order, must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation. The party must indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits. If a motion or stipulation for leave to amend is granted, the party whose pleading was amended must file and serve the amended pleading on all parties within fourteen (14) days of the filing of the order granting leave to amend, unless the court orders otherwise.

The undersigned recommends denying Mr. Dunkle's motion to amend (Dkt. 19) because he has not complied with this court's Local Rules and because he has already been given the chance to file an amended complaint. Further, Mr. Dunkle has admitted that the incident in question happened seven to ten years ago (Dkt. 15, p. 4). The statute of limitation for a civil rights action in Washington is three years. *Joshua v. Newell*, 871 F.2d 884, 886 (9th Cir.1989) (citing R.C.W. § 4.16.080(2)). Thus, Mr. Dunkle's attempt to amend the action appears futile.

REPORT AND RECOMMENDATION - 3

The undersigned also recommends denial of the motion for additional time. Mr. Dunkle asks for an unlimited amount of time to pursue this action. Dkt. 20. In the motion itself Mr. Dunkle asks to extend time "forever." *Id*. In the caption of an attached document he asks to extend time "to the end time." Dkt. 20-1.

Mr. Dunkle also filed a motion for appointment of counsel. Dkt. 21. No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.) To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). The undersigned recommends denial of this motion because the action would be barred by Washington State's statute of limitation. Further, Mr. Dunkle has not named a proper defendant who could be served and the action has not made it past the initial screening phase set forth in 28 U.S.C. § 1915A.

Dismissal pursuant to Fed. R. Civ. P. 41(b) acts as adjudication on the merits unless the order states otherwise. *See* Fed. R. Civ. P. 41(b). Plaintiff did not comply with the Court order to cure the defects in his complaint or the orders to stop including personal information in his filings. Accordingly the undersigned recommends dismissal of this action with prejudice.

REPORT AND RECOMMENDATION - 4

# CONCLUSION

Plaintiff has been given ample opportunity to cure the defects in his complaint and guidance regarding the defects he needed to cure.  He has failed to comply with the order to cure the defects in his filings.  Plaintiff has also failed to comply with Court orders regarding not placing personal information in his filings.  The undersigned recommends that this case be **dismissed with prejudice.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **December 5, 2014,** as noted in the caption.

**DATED** this 17th day of November, 2014.

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5